**Robert CHADWICK, and Karen Chadwick, formerly Karen Miller, Plaintiffs,**

v.

**UNITED INSURANCE COMPANY OF AMERICA, an Illinois corporation licensed to do business in the State of Nevada; Santa Fe Equipment Company, a California corporation; DOES 1 through 60, inclusive, Defendants.**

**No. CV–S–87–586–PMP.**

United States District Court, D. Nevada, Las Vegas Division.

Feb. 1, 1988.

**1070**

Frank C. Cook, Las Vegas, Nev., for plaintiffs.

Thomas F. Kummer, Vargas & Bartlett, Las Vegas, Nev., for United Ins.

Janice J. Brown, Barker, Gillock, Koning, Brown & Earley, Las Vegas, Nev., for Sante Fe.

## ORDER

PRO, District Judge.

On April 30, 1987, Plaintiffs ROBERT and KAREN CHADWICK (CHADWICKS) filed actions in both Federal Court (CV–S–87–314–RDF) and State Court (Case A 256478). On July 2, 1987, another complaint, addressing the same set of facts but alleging different theories of recovery, was also filed in the Eighth Judicial District Court for the State of Nevada, (Case A 258059). On August 5, 1987, Defendant UNITED INSURANCE COMPANY OF AMERICA (UICA) filed a Petition for Removal of Civil Action A 258059 to Federal Court (# 1).

Plaintiffs CHADWICKS now bring before this Court a Motion for Dismissal of Petition for Removal of Civil Action and for Order for Remand to State Court (# 4a). Defendant SANTA FE EQUIPMENT COMPANY filed its Opposition to Plaintiffs' Motion on September 14, 1987 (# 5). Defendant UICA filed its Opposition to Plaintiffs' Motion on September 17, 1987 (# 6a). On September 28, 1987, Plaintiffs filed a Memorandum of Points and Authorities in Support of their Motion (# 9), and filed their Reply to Defendants' Opposition on September 29, 1987 (# 10).

Defendants in this case are UNITED INSURANCE COMPANY OF AMERICA, SANTA FE EQUIPMENT COMPANY, and DOES I through 60. In their Motion for Dismissal of Petition for Removal, Plaintiffs allege that Defendants have failed to establish complete diversity and therefore have not met the jurisdictional requirements of 28 U.S.C. § 1332 for removal to Federal Court.

In the recent Ninth Circuit case of *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1083 (9th Cir.1987), the Court held that "the presence of Doe defendants under California Doe defendant law destroys diversity and, thus, precludes removal." The Court specifically overruled any preceding

cases which created exceptions to this general rule. The California Doe Defendant law, which is codified at Cal.Civ.Proc.Code § 474 (West 1979) provides in relevant part:

When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceedings must be amended accordingly;

■ As in *Bryant v. Ford Motor Co.*, the presence of the Doe defendants in this case at issue destroys diversity and would preclude removal based upon diversity. However, in their Opposition to the Motion for Dismissal or Remand, Defendants argue that this Court has federal question jurisdiction on the grounds that Plaintiffs' action arises under federal law.

Defendants allege that Plaintiffs' State common law claims are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001–1461. Plaintiffs' Complaint alleges emotional distress and negligence arising out of the handling and processing of insurance claims made under a group health insurance plan provided by Plaintiff KAREN CHADWICK's employer, Defendant SANTA FE EQUIPMENT COMPANY.

ERISA comprehensively regulates employee welfare benefit plans. *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985). Title 29, United States Code, § 1002(1) of ERISA defines an employee welfare benefit plan as any plan established or maintained by an employer "for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits. . . ." ERISA contains a broad pre-emption provision declaring that it shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

The question whether state law is pre-empted by federal law is one of Congressional intent. In looking to the Congressional intent behind ERISA, the Court in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), stated:

The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected those provisions in favor of the present language, and indicated that section's pre-emptive scope was as broad as its language. See H.R.Conf.Rep. No. 93–1280, p. 383 (1974); S.Conf.Rep. No. 93–1090, p. 383 (1974).

In *Pilot Life Ins. Co. v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that ERISA pre-empts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan. Plaintiffs argue that *Pilot Life* does not address the claims for relief which are enumerated in their Complaint and specifically, that it does not decide whether claims for negligence and intentional infliction of emotional distress are pre-empted by ERISA.

■ However, *Pilot Life* specifically states that ERISA's pre-emption clause is not limited to state laws specifically designed to affect employee benefit plans. If a state law relates to employee benefit plans, it is pre-empted. *Id.* 107 S.Ct. at 1552. In the case at issue, the common law causes of action which Plaintiffs assert are based on alleged improper processing of a benefit claim. These claims thus "relate to" an employee benefit plan and fall under ERISA's pre-emption clause.

Congress clearly expressed an intent that the civil enforcement provisions of ERISA section 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of section 502(a) would pose an obstacle to the purposes and objectives of Congress. *Id.* at 1555.

"It is indisputable that where the insurance company makes final claims decisions under a group insurance policy issued to an employee benefit plan, ERISA governs the relationship between the insurance company and the insured." *McLaughlin v. Connecticut General Life Insurance Co.*, 565 F.Supp. 434, 441 (N.D.Cal.1984).

 It appears that Plaintiffs' state law claims have been pre-empted by ERISA. However, the Court must also examine the possibility that these actions may fall within the saving clause of ERISA, 29 U.S.C. § 1144(b)(2)(A), which provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities."

*Pilot Life* set forth guidelines to be used in determining whether state laws fall within this saving clause. First, it used the common-sense view of the language of the saving clause itself. Second, it used case law interpreting the phrase "business of insurance" under the McCarran-Ferguson Act, (15 U.S.C. § 1011, et seq). For purposes of the McCarran–Ferguson Act, three criteria have been used to determine whether a practice falls under the "business of insurance."

> [F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry. *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129 [102 S.Ct. 3002, 3009, 73 L.Ed.2d 647] (1982).

*Pilot Life*, 107 S.Ct. at 1553–54.

Plaintiffs have brought claims for emotional distress and negligence. A common sense reading of the phrase "regulates insurance" does not even suggest that these claims fall within the saving clause. "[I]n order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry." *Id.* at 1554.

It is clear that Plaintiffs' state law claims have been pre-empted by ERISA, and that they do not fall within the saving clause.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Dismissal of Petition for Removal and for Order for Remand is hereby denied.